UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE )<br>1899 L Street, NW, 12th Floor )<br>Washington, DC 20036 )<br>     )<br>          Plaintiff, )<br>     )<br>     v.     )    Civil Action No. 15-553<br>     )<br>UNITED STATES DEPARTMENT OF STATE )<br>2201 C Street, NW, Washington, DC 20520 )<br>     )<br>          Defendant. ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff COMPETITIVE ENTERPRISE INSTITUTE ("CEI") for its complaint against

Defendant UNITED STATES DEPARTMENT OF STATE ("STATE"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a), to compel production under two FOIA requests, both seeking information relating to the State Department's public acknowledgment that former Secretary of State Hillary Clinton exclusively used private, unofficial email accounts and server(s) for work-related correspondence,[1] in apparent violation of the Federal Records Act; and reports by major media outlets citing State Department sources that two of her senior aides also used personal, unofficial email accounts.[2]

2. Specifically, then-Secretary Clinton and former State Department officials Huma Abedin and Cheryl Mills each used at least one non-official email account to conduct all

---

[1] *See, e.g.,* Michael S. Schmidt & Amy Chozick, *Using Private Email, Hillary Clinton Thwarted Record Requests,* New York Times, March 4, 2015, at A1 (www.nytimes.com/2015/03/04/us/politics/using-private-email-hillary-clinton-thwarted-record-requests.html) (also quoting "Mrs. Clinton's aides" about "her use of private email").

[2] *See, e.g.,* Daniel Halper, *Hillary's Top Two Aides Used Personal Email at State Department*, Weekly Standard, March 11, 2015, at 10:39 a.m. (http://www.weeklystandard.com/blogs/hillarys-top-two-aides-used-personal-email-state-department_883063.html).

1

official electronic correspondence.[3] According to news reports, these accounts were established immediately prior to Mrs. Clinton's confirmation hearing for her position, and hosted on a private, non-official server(s) under Mrs. Clinton's exclusive control, in a manner apparently violating federal law and regulations and State Department policy.

3. Also, although a State spokesperson has since publicly stated, in response to a reporter's question, that the Department has not located any record of Mrs. Clinton executing the required separation forms when leaving State, the Department has not informed plaintiff that "no records" exist in response to plaintiff's relevant request for those records.

4. State has also failed to provide a response to plaintiff's request for Ms. Abedin's and Ms. Mills' separation forms, even though Ms. Abedin's separation forms are the subject of specific U.S. Senate inquiry.

5. State also has not commented or provided requested documents reflecting whether then-Sec. Clinton took or refused the required annual cyber security training; it also has not responded to media requests about these actions with documentation relevant to this unorthodox and seemingly unlawful means of exclusively conducting official electronic correspondence (*i.e.,* using a private email account), such as the required acknowledgments of rules, risks, and precautions.

---

[3] *See, e.g.,* David Martosko, *Did three Hillary Clinton aides use the private 'clintonemail.com' server while she ran the State Department? Two news outlets say it's so,* London Daily Mail, March 11, 2015 (http://www.dailymail.co.uk/news/article-2990404/Did-three-Hillary-Clinton-aides-use-private-clintonemail-com-server-ran-State-Department-Two-news-outlets-say-s-so.html) ("Longtime Hillary Clinton aide Huma Abedin had an email address on the former secretary of state's private server. . . Daily Mail Online was able to confirm Abedin's email address through Lexis-Nexis, a commercial service that compiles public records. 'Huma@clintonemail.com' was one of several of Abedin's email addresses Nexis collected in conjunction with other public records.").

6. State has failed to provide a legally-sufficient response to plaintiff's FOIA requests, as required by the D.C. Circuit's decision in *CREW v. FEC*, 711 F.3d 180, 186 (D.C. Cir. 2013), which mandates that, within the statutory deadline of 20 working days, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions."

## PARTIES

7. Plaintiff CEI is a public policy research and educational institute in Washington, D.C., dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. CEI's programs include research, investigative journalism and publication, as well as a transparency initiative seeking public records relating to environmental policy and how policymakers use public resources.

8. Defendant State Department is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

10. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because plaintiff resides in the District of Columbia, and defendant State is a federal agency.

## FACTUAL BACKGROUND
**Plaintiff's FOIA requests for certain Agency records relating to former Secretary Clinton's Information Technology Training and Capabilities and those relating to two senior aides**

11. On March 3, 2015, CEI requested copies of certain documentation in State's possession relating to information technology (IT) training provided to and/or completed by Sec.

Clinton. That included documents regarding whether Mrs. Clinton acknowledged, understood, accepted or otherwise agreed to State Department policies regarding use of electronic communications and/or otherwise information technology; whether Mrs. Clinton's officially assigned equipment had texting and/or instant message (IM) capability or client software installed; and whether Mrs. Clinton was ever a registered user of any State IM system(s)/network(s) or system(s)/network(s) that include or provide IM.

12. On March 12, 2015, CEI requested all separation documents in State's possession completed or submitted by or for then-Sec. Clinton, and her two then-aides Huma Abedin and Cheryl Mills, and all documentation that Mrs. Clinton, Ms. Abedin and Ms. Mills undertook, or refused/declined to complete, the annually required cybersecurity awareness training, including but not limited to certification of completion or documentation that they took or refused/decline to take the training.

13. Plaintiff made these requests after related issues and acknowledgements surfaced in widespread national media coverage of the actions, the possible violations of law they represented, and security implications.

14. State acknowledged both requests and granted plaintiff's fee waiver requests for both.

15. FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, that the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).  Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v.*

*FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013); *accord Shermco Industries v. Secretary of U.S. Air Force*, 452 F. Supp. 306, 317 (N.D. Tex. 1978).

16. State owed such responses to plaintiff on or before March 31, 2015 (for its March 3 request) and April 9, 2015 (for its March 12 request), respectively.

17. State has not provided the required response to either request.

18. Defendant State is thereby improperly denying plaintiff access to public records in violation of FOIA.

**FIRST CLAIM FOR RELIEF**
**Duty to Produce Records – Declaratory Judgment**

19. Plaintiff re-alleges paragraphs 1-18 as if fully set out herein.

20. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

21. Plaintiff has a statutory right to the information it seeks and that defendant has unlawfully withheld.

22. Plaintiff is not required to further pursue administrative remedies.

23. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff CEI is entitled to records responsive to its FOIA requests described above, and any attachments thereto, but State failed to do provide them;

    b. State's response to plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy State's obligations under FOIA;

    c. State must now produce records responsive to CEI's requests.

**SECOND CLAIM FOR RELIEF**
**Duty to Produce Records – Injunctive Relief**

24. Plaintiff re-alleges paragraphs 1-23 as if fully set out herein.

25. Plaintiff is entitled to injunctive relief compelling State to produce the responsive records, subject to legitimate withholdings.

26. This Court should enter an injunction ordering State to produce to CEI, within 10 business days of the date of the order, the requested records sought in plaintiff's FOIA requests described above, and any attachments thereto.

### THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

27. Plaintiff re-alleges paragraphs 1-26 as if fully set out herein.

28. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

29. This Court should enter an injunction ordering the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court deems proper.

Respectfully submitted this 14th day of April, 2015,

                        /s/ Hans Bader
Hans Bader, D.C. Bar No. 466545
Hans.Bader@cei.org
Sam Kazman, D.C. Bar No. 946376
sam.kazman@cei.org
1899 L Street NW, 12th Floor
Washington, DC 20036
(202) 331-1010

Christopher C. Horner, D.C. Bar # 440107
CHornerLaw@aol.com
1489 Kinross Lane, Keswick, VA 22947
(202) 262-4458
ATTORNEYS FOR PLAINTIFF

6